UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIERICHS J. A., Petitioner, v. WARDEN, Respondent. | Case No. 1:26-cv-03638-KES-FJS (HC)<br>(A-Number: 246-395-887)<br>ORDER GRANTING PETITIONER'S MOTION FOR UPDATE (ECF No. 15)<br>ORDER DENYING PETITIONER'S MOTIONS TO APPOINT COUNSEL (ECF No. 3, 13)<br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)<br><u>FOURTEEN (14) DAY DEADLINE</u> |

Plaintiff Dierichs J. A.[1] ("Petitioner") is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. BACKGROUND

Petitioner filed a prior petition with this court on March 31, 2026, in *Alvarado v. Warden* ("*Alvarado I*"), Case No. 1:26-cv-02473-KES-FJS (HC). In that action, the district judge granted the petition for writ of habeas corpus on April 15, 2026. (*Alvarado I*, ECF No. 13.) The court ordered the government to provide Petitioner a bond hearing within seven days. *Id.*

On May 11, 2026, Petitioner filed the instant petition, together with a motion for temporary restraining order. (ECF No. 1.) Petitioner claims that the immigration judge denied his release on bond and respondents did not provide him with an adequate bond hearing pursuant to the court's April 15, 2026, order. (*Id.*; ECF No. 13.) On May 13, 2026, Respondents filed a notice of related cases and a response to the petition. (ECF Nos. 7, 8.) Respondents argue that Petitioner has not exhausted his administrative remedies regarding the immigration judge's bond order and that the instant petition should be dismissed as successive or under the abuse of writ doctrine, as the petitions seek the same ultimate relief. (ECF No. 8.)

On May 15, 2026, this action was related to *Alvarado I*. (ECF No. 9.) The same day, the district judge denied the motion for temporary restraining order and referred the petition to the undersigned for further proceedings. (ECF No. 10.) On May 20, 2026, the undersigned directed the parties to advise the court within five days if they wished to provide any additional briefing. (ECF No. 12.) While neither party filed a supplemental brief in response to that order, Petitioner subsequently submitted several filings, including a renewed motion for appointment of counsel, a motion to combine cases,[2] a reply to Respondent's opposition, a supplemental brief, and a motion for an update on his petition. (ECF Nos. 13–15.)

Meanwhile, on May 15, 2026, Petitioner also filed a motion to enforce judgment in *Alvarado I*. (*Alvarado I*, ECF No. 17.) On September 4, 2026, following supplemental briefing, the district judge granted Petitioner's motion to enforce judgment in *Alvarado I* and directed Respondent to provide Petitioner with a new bond hearing within seven days. (*Id.* at ECF No. 24.)

---

[2] Petitioner's motion to combine cases is unnecessary, as the instant action was already related to *Alvarado I.* (ECF No. 9.)

## II. DISCUSSION

### A. The Petition is Moot

The case or controversy requirement of Article III of the Federal Constitution deprives the court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *N.A.A.C.P., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). The federal court is "without power to decide questions that cannot affect the rights of the litigants before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (quoting *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240–41 (1937)).

The instant petition sought immediate release due to the inadequacy of Petitioner's prior bond hearing. The court in *Alvarado I* has since ordered Respondent to provide Petitioner with a second bond hearing to correct the identified deficiencies. (*Alvarado I*, ECF No. 24.) Because there is no further relief that this court can provide to Petitioner, the petition is now moot. Accordingly, the court finds that Petitioner's complaints have been addressed, no case or controversy currently exists, and the petition should be dismissed as moot. *See Picrin–Peron v. Rison,* 930 F.2d 773, 776 (9th Cir. 1991); *Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007).

### B. Abuse of Writ

To the extent Petitioner contends that the petition should not be dismissed as moot because he is seeking immediate release rather than a second bond hearing (ECF No. 1 at 8 ¶ 15), the court finds that the petition should be dismissed under the abuse of writ doctrine.

"Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (quoting *Calderon v. United States Dist. Ct.*, 163 F.3d 530, 538 (9th Cir. 1998) (en banc)). When considering the abuse of the writ doctrine in a section 2241 proceeding, the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") second or successive provisions do not govern, but "inform [judicial] consideration." *Calderon v. Thompson*, 523 U.S. 538, 558 (1998). "[A]pplication of the doctrine 'should be expected to yield a resolution in harmony with

AEDPA.'" *Anariba v. Dir. Hudson Cty. Corr. Ctr.*, 17 F.4th 434, 442 (3d Cir. 2021) (quoting *Calderon*, 523 U.S. at 558). The Ninth Circuit has recognized that the common law doctrine of the abuse of the writ doctrine may apply to successive habeas petitions challenging immigration detention filed pursuant to section 2241. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) ("Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim.").

In *McClesky*, the Supreme Court examined the scope and procedure of the abuse of the writ doctrine. When a prisoner files a second or subsequent habeas petition, the government bears the burden of pleading abuse of the writ by noting, with clarity and particularly, petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. *McClesky v. Zant*, 499 U.S. 467, 494–95 (1991). The burden to disprove abuse then shifts to petitioner. *Id.* If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim. *Id.* While a court can raise abuse of the writ *sua sponte*, a petitioner must still have proper notice of the claim he must rebut, and the government still bears the burden of proof. *Alaimalo v. United States*, 645 F.3d 1042, 1065 (9th Cir. 2011) (Korman, J., dissenting); *Femia v. U.S.*, 47 F.3d 519, 523 (2nd Cir. 1995).

Here, the government's response to the petition in this case sufficiently raises the abuse of the writ doctrine to shift the burden onto Petitioner. (ECF No. 8 at 2–4.) Petitioner filed documents following the government's response, (ECF Nos. 14, 15), but those documents do not address—much less disprove—abuse of the writ. There is little doubt that Petitioner could have sought—indeed, did seek—immediate release in his earlier petition. (*Alvarado I*, ECF No. 1 at 8 ¶ 15.) In addition, Petitioner filed a motion to enforce the prior judgment in *Alvarado I* only days after filing the instant petition. The motion to enforce was recently granted with the district court ordering, among other things, that "[i]f respondents do not provide petitioner with a new bond hearing within seven days [of September 4, 2026], then respondents must release him." (*Id.*, ECF

No. 24.). The abuse of writ doctrine frustrates Petitioner's attempt to collaterally reinvigorate his petition for release in this follow-on habeas petition.

III. ORDER AND RECOMMENDATION

Based on the foregoing, the court HEREBY ORDERS as follows:

1. Petitioner's motion for update, (ECF No. 15), is GRANTED by the instant order and findings and recommendations;
2. Petitioner's motion to combine cases, (ECF No. 13), is DENIED as moot;
3. Petitioner's motions to appoint counsel, (ECF Nos. 3, 13), are DENIED.

Furthermore, the court HEREBY RECOMMENDS that the petition for writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **September 11, 2026**

UNITED STATES MAGISTRATE JUDGE